## GARCHEV v LOOMIS COAL & SUPPLY CO

Ohio Appeals, 9th Dist, Summit Co
No 1675. Decided June 19, 1930

Benner, Hanter & Watters, Akron, for Garchev.
N. O. Mather, Akron, for Coal Co.

PER CURIAM

A motion has been filed to dismiss the appeal, on the ground that the action is not appealable, but said motion is overruled, for the reason that we find that the primary relief sought is equitable and that the damages sought are incidental thereto.

Plaintiff was the owner of said premises before said tipple was constructed, and the business of the defendant is useful and necessary, and considering the neighborhood and surroundings ,the location of the tipple is not inappropriate, and if operated in the most approved and orderly manner and so as to subject plaintiff to no more than the ordinary annoyances, discomforts and injuries which are fairly incidental to the reasonable and proper conduct of such business, is not a nuisance.

But we find that it is not being so operated; that by the expendiutre of a reasonable sum it may be so equipped and operated as to greatly lessen, if not entirely eliminate, damages to plaintiff.

Finding that the operation of said tipple as it is now being operated violates the property rights of the plaintiff and constitutes a nuisance, and that the plaintiff's right of action for damages is not an adequate remedy, the defendant will be enjoined from operating said tipple for the handling of coal in the manner in which it is now being done.

The court will not attempt to specify what changes should be made and equipment installed in order to be able to operate said tipple so as not to subject plaintiff to more than the ordinary annoyances, discomforts and injuries which are fairly incidental to the reasonable and proper conduct of said business in that locality, but if the parties will agree in reference to such improvements and changes in operation, the same may be included in the decree of the court, with appropriate provisions safeguarding the rights of both parties.

The evidence as to damage is meager and unsatisfactory, and such as to render it difficult for us to justly and fairly determine the same; hence the cause as to that issue is remanded to the Common Pleas Court for further hearing and determination, in accordance with the rights of the parties as herein fixed and determined.

Funk, PJ, Pardee, J, and Washburn, J, concur.